IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | CR 01-35 |
| ) | |
| LARRY STULER, ) | |
| ) | |
| Defendant. ) | |

## **O R D E R**

AND NOW, this 3rd day of February, 2015, upon consideration of Defendant Larry Stuler's pro se "Motion for Writ of Error Coram Nobis" (Document No. 96), and memorandum of law in support thereof (Document No. 97), filed in the above-captioned matter on December 18, 2014:

IT IS HEREBY ORDERED that said Motion is DENIED.

A writ of error coram nobis is available in a criminal matter as provided by the All Writs Act, 28 U.S.C. § 1651(a). See United States v. Lynch, 807 F. Supp. 2d 224, 233 (E.D. Pa. 2011). "It is used to attack allegedly invalid convictions in federal court that have continuing consequences but where the individual is no longer in custody." Id. (citing United States v. Morgan, 346 U.S. 502 (1954); United States v. Stoneman, 870 F.2d 102 (3d Cir. 1989)). There is a presumption that earlier proceedings are correct, and Defendant "has the burden to show otherwise." Id. at 234 (citing United States v. Cariola, 323 F.2d 180, 184 (3d Cir. 1963)). It should be noted that coram nobis is an "extraordinary" remedy, and a court's jurisdiction "to grant relief under it is of limited scope." Cariola, 323 F.2d at 184. Further, "the standard for a successful collateral attack on a conviction under coram nobis is more stringent than the standard

applicable on a direct appeal," and "is even more stringent than the burden on a petitioner seeking habeas relief." Lynch, 807 F. Supp. 2d at 234 (citing United States v. Gross, 614 F.2d 365, 368 (3d Cir. 1980); Stoneman, 870 F.2d at 106).

The Court of Appeals for the Third Circuit has noted various requirements for the availability of coram nobis relief, including that a defendant must demonstrate continuing consequences of the conviction, there cannot have been a remedy available at the time of trial, "'sound reasons'" must exist for failing to seek relief earlier, and there must be a fundamental error "'go[ing] to the jurisdiction of the trial court, thus rendering the trial itself invalid.'" Lynch, 807 F. Supp. 2d at 234 (quoting Stoneman, 870 F.2d at 105-06). Because Defendant has clearly failed to establish several of these conditions in the present case, his motion must be denied.[1]

Defendant alleges in his motion that the Court lacked jurisdiction over his case because the Indictment (Document No. 1), filed March 13, 2001, did not specify that "importing" was the underlying basis for the Court's jurisdiction. Defendant could, however, have brought this argument to the Court's attention at any time in the course of his trial proceedings (which concluded July 20, 2001), yet he did not. In failing to make this argument during that time, therefore, Defendant has failed to establish one of the requirements listed above, that he had no remedy readily available to him at trial.

Furthermore, Defendant had the additional opportunity to bring this issue up in his appeal to the Circuit Court. Moreover, he could have included this claim in his Motion Filed Under 28 U.S.C. § 2255 (Document No. 84), filed on January 25, 2005, or he could have addressed it in his Motion to Reconsider Petitioner's Motion Filed Under 28 U.S.C. § 2255 for Good Cause

---

[1] Because it is clear that the second and third conditions listed above have not been met in this case, the Court declines to address the remaining issues.

Shown (Document No. 92), filed on May 25, 2006.  Nevertheless, Defendant failed to raise this matter at any point in the litigation, despite the many opportunities he has had over the years in which to do so.  Additionally, Defendant has supplied no information to explain what could have prevented him from seeking relief at any time during his trial or appeal process, nor has he provided any reason, concerning either facts or any change in the law, why he should now be able to make this argument at this late juncture—more than 13 years after his Indictment was filed.  Instead, he states that "[i]t has taken Defendant years and years of research to first discover, and then understand how, importing was the underlying Constitutional jurisdiction under which he was indicted, tried, and sentenced." (Document No. 97 at 2).  Accordingly, because he has alleged no "sound reasons" for his failure to seek this relief earlier, Defendant has also failed to establish this requirement for the availability of coram nobis relief, and his motion must be denied.

                                                                          s/ Alan N. Bloch
                                                                          United States District Judge

ecf:    Counsel of record

cc:     Larry Stuler
         565 Addison Street
         Washington, PA 15301